**Stephen H. Buckley**, OSB #801786
sbuckley@brownsteinrask.com
**Cary R. Cadonau**, OSB #002245
ccadonau@brownsteinrask.com
BROWNSTEIN RASK LLP
1200 S.W. Main Street
Portland, Oregon 97205
Telephone: (503) 221-1772
Fax: (503) 221-1074
    Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON, PORTLAND DIVISION

| | |
|---|---|
| TRUSTEES OF THE OREGON-WASHINGTON CARPENTERS-EMPLOYERS HEALTH AND WELFARE TRUST FUND, TRUSTEES OF THE OREGON-WASHINGTON CARPENTERS-EMPLOYERS PENSION TRUST FUND, TRUSTEES OF THE OREGON-WASHINGTON CARPENTERS-EMPLOYERS VACATION-SAVINGS TRUST FUND, TRUSTEES OF THE OREGON-WASHINGTON CARPENTERS-EMPLOYERS APPRENTICESHIP AND TRAINING TRUST FUND, TRUSTEES OF CARPENTERS INTERNATIONAL TRAINING FUND, and PACIFIC NORTHWEST REGIONAL COUNCIL OF CARPENTERS,<br><br>    Plaintiffs,<br><br>  v.<br><br>RSV CONSTRUCTION SERVICES, INC.,<br><br>    Defendant. | Civil No. _____<br><br>**COMPLAINT** (Breach of Collective Bargaining Agreement and Violation of ERISA) |

Plaintiffs allege:

Page 1 – **COMPLAINT**



# I

## THE PARTIES

1.	Plaintiffs are the Trustees of the Oregon-Washington Carpenters-Employers Health and Welfare Trust Fund (Health Fund), the Oregon-Washington Carpenters-Employers Pension Trust Fund (Pension Fund), the Oregon-Washington Carpenters-Employers Vacation-Savings Trust Fund (Vacation Fund), the Oregon-Washington Carpenters-Employers Apprenticeship and Training Trust Fund (Local Training Fund), the Carpenters International Training Fund (International Training Fund) (collectively, "Trust Funds") and the Pacific Northwest Regional Council of Carpenters (Union).

2.	The Health Fund, Vacation Fund, Local Training Fund and International Training Fund are "employee welfare benefit plans" as that term is defined in 29 U. S. C. § 1002(1) of the Employee Retirement Income Security Act of 1974, as amended (ERISA). The Pension Fund is an "employee pension benefit plan" as that term is defined in 29 U.S.C. § 1002(2)(A) of ERISA. Numerous employers pay fringe benefit contributions to the Trust Funds, and these funds are "multiemployer plans" as that term is defined in 29 U.S.C. § 1002(37)(A) of ERISA. The Trustees of the Trust Funds have discretionary authority and control over the management of the Trust Funds and are "fiduciaries" as that term is defined in 29 U.S.C. § 1002(21)(A) of ERISA.

3.	The Union is a labor organization with its principal office and place of business in SeaTac, Washington. The Union is the successor to the Pacific Northwest District Council of Carpenters.

///	///

///	///

///	///

Page 2 – **COMPLAINT**



BROWNSTEIN RASK LLP
1200 Main Street  Portland, Oregon 97205
P: 503 221 1772    F: 503 221 1074

4. Defendant is a Washington corporation. At all times material to this proceeding (January 2013, to date), defendant has been an "employer" as that term is defined in 29 U.S.C. § 152(2) of the Labor-Management Relations Act (LMRA) and 29 U.S.C. § 1002(5) of ERISA and has been engaged in an "industry or activity affecting commerce" as that term is defined in 29 U.S.C. §§ 142(1) and (3) of the LMRA and 29 U.S.C. § 1002(12) of ERISA.

## II

## JURISDICTION

5. The Court has jurisdiction over the Claim for Relief brought by the Trustees of the Trust Funds against defendant for violation of the provisions of 29 U.S.C. §§ 1132(a)(3) and 1145 of ERISA pursuant to 29 U.S.C. § 1132(e)(1) of ERISA.

6. At all times material to this proceeding (January 2013, to date), a written collective bargaining agreement existed between the Union and defendant. The collective bargaining agreement covers employees in an industry affecting commerce, and the activities of defendant affected commerce. The Court has jurisdiction over the Claim for Relief brought by each plaintiff against defendant pursuant to the provisions of 29 U.S.C. § 185(a) of the LMRA.

## III

## JOINDER

7. The obligations of defendant to plaintiffs arise out of the same collective bargaining agreement. Common questions of law and fact govern the claims each plaintiff has against defendant.

///   ///

///   ///

///   ///

Page 3 – **COMPLAINT**



BROWNSTEIN RASK LLP
1200 Main Street  Portland, Oregon 97205
P: 503 221 1772   F: 503 221 1074

**IV**

**CLAIM FOR RELIEF**

8. At all times material to this proceeding (January 2013, to date), defendant has been bound by a written collective bargaining agreement ("CBA") with the Union. Under the terms of the CBA, defendant agreed to be bound by the terms and conditions of the Trust Agreements that created the Trust Funds. Defendant further agreed to pay fringe benefit contributions on behalf of its employees performing work covered by the CBA to the Trustees of the Trust Funds, and to remit union dues to the Union. Defendant further agreed to file monthly remittance report forms and to pay fringe benefit contributions and union dues to the Trustees of the Trust Funds and Union by the 20th day of the month following the month in which the work was performed by its employees.

9. The Trust Agreements that created the Trust Funds provide that the Trustees for each Trust Fund have the right to require an employer to promptly furnish them with payroll records, information, data, reports and other documents reasonably relevant to and suitable for the administration of the Trust Funds. The Trustees of the Trust Funds have requested that defendant make its payroll books and records available to an auditor retained by them in order to determine whether defendant has paid all required fringe benefit contributions to the Trust Funds for its employees performing work covered by the CBA.

10. Defendant has failed to cooperate and grant the auditor retained by the Trustees for the Trust Funds access to all of its payroll books and records that are necessary in order to determine whether defendant has paid all required fringe benefit contributions for its employees performing work covered by the CBA. This action by defendant constitutes a breach of its CBA and a violation of the Trust Agreements that created the Trust Funds.

Page 4 – **COMPLAINT**

11.     Defendant should be required to produce all books, payroll records, information, data, reports and other documents necessary for the auditor retained by the Trustees of the Trust Funds to determine whether all required fringe benefit contributions have been paid for defendant's employees who performed work covered by the CBA with the Union from January 1, 2013, through the date the field work is performed.

12.     The Trustees of the Trust Funds have no plain, speedy or adequate remedy at law.

13.     The Trust Agreements that created the Trust Funds provide that they are entitled to recover reasonable attorney fees from an employer such as defendant when litigation is necessary to require an employer to comply with the employer's obligations under the Trust Agreements. Defendant should be required to pay the Trust Funds' reasonable attorney fees for the time spent compelling the payroll examination of its books and records.

14.     The Trustees of the Trust Funds are also entitled to recover reasonable attorney fees from defendant pursuant to the provisions of 29 U.S.C. §1132(g)(1) of ERISA.

WHEREFORE, plaintiffs pray for a decree and judgment against defendant as follows:

1.     Requiring defendant to produce all books, payroll records, information, data, reports and other documents necessary for the auditor retained by the Trustees of the Trust Funds to determine whether all required fringe benefit contributions have been paid for defendant's employees who performed work covered by the CBA from January 1, 2013, through the date the field work is performed;

2.     Requiring defendant to pay the Trust Funds' reasonable attorney fees;

///     ///

///     ///

///     ///

Page 5 – **COMPLAINT**



BROWNSTEIN RASK LLP
1200 Main Street  Portland, Oregon 97205
P: 503 221 1772   F: 503 221 1074

3. Requiring defendant to pay plaintiffs' costs and disbursements incurred herein;

and

4. For such further equitable relief as the Court deems just and proper.

DATED this 26th day of February 2018.

**BROWNSTEIN RASK, LLP**

/s/ Cary R. Cadonau
Cary R. Cadonau, OSB #002245
Of Attorneys for Plaintiffs

Page 6 – **COMPLAINT**